1. A man makes a lease for years, rendering rent, durante terminopraedicto to the lessee and his assigns, 10s. The lessor assigns the reversion over and dies: Whether the rent is determined?
Backsdale. It is not. Reservation is restitution, and reservare estacceptum restituere. 10 Rep., 128, Clun's case. Restitutions have favorable constructions; melius than grants. Advousons, without express words, pass in case of restitutions; not in cases of grant. 41 E., 3, 5; M., 3 Jac., C. B., inter Barker and Barret. One made a lease for one year, from year to year, rendering rent therefore as long as the *Page 800 
lessee shall occupy. The lessee, after the first year, died; his administrator entered and occupied another year: adjudged that he shall be charged for the rent, although the words were as long as the lessee shalloccupy. So the reservation is taken more widely than the words. 5 E., 4, 4. Two joint tenants leased for years rendering rent to one of them, it shall inure to both, aliter, if it were by indenture, as in Littleton, 346; Peck, 652. In a feoffment to the use of the feoffor, it is clear that the use shall revert to him in fee. P. 4, Jac. *B. R., 112; Hill and Hill. A husband made a lease for years rendering rent yearly, during his life and his wife's life, etc., and died. The wife (having free bench, by custom) brought debt. Adjudged that she shall recover the rent and have free bench. P. 21 Jac., Hamson and Bert, B.R. Lessee for years rendering rent quolibetdimidio anni, without saying annuatim; yet it shall be rendered during the whole term, ut Com. 23, and the words to the lessor or his assigns do not restrain it. For during the term is in the first place. 2 E., 3; feoffments, 54. Grant in frank-marriage, habere in fee is frank-marriage. 5 Rep., 111. Reservation to the lessor, or his successors during the term, is to both, aliter, if the words during the term, were left out. 28 H., 8, 19. Lease reserving his dwelling, his executor shall not have it, aliter, if it had been during the term. Secondly: The words here spoken are in the affirmative, and not in the negative. 28 H., 8, 19. Lease for years, the lessor covenants that the lessee shall have hedge-bote by assignment; he shall have it without. So here, as to the case of Wotton v. Edwin, C. B. Hill, 4 rot., 3017, vel. 3077; postea, p. 817. Lease for years rendering rent to the lessor and his assigns. It is determined by the death of the lessor, for the words durante termino are wanting. So Butcher andRichmond's case, C. B. Lease for years rendering rent to the lessor, his executors, and assigns. The lessor died; the heir distrained held bad quia
the word executors excludes the heir.
2. Whether by pleading this, the lessor shall be intended to be dead?
He shall not. For it is shown that he was once in life, and if he is dead since, the other party shall show it. Dyer, 329; 38 H., 6, 27; Com., 400. Although an avowry to any intent is a title, yet it is brought in bar, and shall be taken in common intent. Com., 430. Avowry, without averring the death of the husband; for an avowry is an excuse, as well as a title. But here are words which imply the life of the lessor; and it being admitted that the rent shall determine by the lessor's death, none can be in arrear after it. 12 Jac., B. R., Arundel's case. One avowed as heir, without showing the death of his ancestor, but only avowed for so much rent, retro existens; and this was held a sufficient averment, so in 10 Rep., 58, Bishop of Sarum's case, in a second deliverance, the defendant avows by a grant of the Bishop. The *Page 801 
plaintiff shows that the grant is well by 22 H., 8, per quod concess.praedict. per A. nuper Episcopum is void; which is a sufficient averment of the death of the Bishop.
*3. He shows a fine from I. S. to Yateman and his heirs, against whom a common recovery was had, etc., without showing to what uses: Then it shall be understood against the pleader, viz., that it was to the use of the conusor, and it is as if there were no use, etc.
E contra. By the fine the conusee has a fee, which shall be intended to continue until the contrary be shown. The estate does not alter the pleading. The distinction is, that where the use is to a stranger, it shall not be understood, unless it be shown; aliter when it is to the conusee.Liber intrat, 324, 2 Rep., 28. The pleading is accordingly.
Beere. If the lessee had said no more than rendering 10s., it had been as much and as effectual as if he had said rendering rent during the wholeterm. 31 Ass., 30, tenend., made a tenure in fee, without any more. 636 Com., 137; 21 H., 7, 25; 27 H., 8, 19, in point. Then the addition of these words: durante praedicto, non operatur, for they were implied before. 4 Rep., 72, Burrough's case; 8 Rep., 144, Davenport's case. If a lease be made rendering rent to a stranger, it is void; the assignee being a stranger, the reservation is void. Here is an entire sentence, and shall not be divided. Butcher's case, H., 33 rot., 1316, is on the same point: resolved that it was only a reservation for life. Likewise in Wotton'scase, supra, adjudged T. 3 Jac. rot., 377. Here it is praefato Johanni. A reservation is more strong against the lessor, ut Boston's case, Com., 139. Two tenants in common lease, rendering rent 10s., they shall have only 10s. 27 H., 8, 19; 11 E., 3; F. Ass., 84; Stacy and Clark's case, T. 36 E. rot., 987, in B.R. Tenant by curtesy and the heir in reversion in tail, made a lease, rendering rent to them and their heirs; on account of the generality of the reservation, the lease was not held good, under the statute.Thompson's case, antea, p. 45. As to Mallorie's case, 5 Co., 111, shall be taken copulatively. I deny the case, 5 E., 4, 1. The life of the lessor shall not be intended. For the avowant is to make out a good title. This differs from the case of an arbitration. He who is to have the benefit shall plead. In 38 H., 6, the action is maintained on the first possession. 9 E., 4, 6, 16. He who claims from the tenant in tail, by whose estate, ought to aver his life.
E contra. It is implied, for he says that ei a retro, etc.
This is only form and supposition; it is a conclusion which we could not traverse. The last point formerly moved, viz., that the use, where none is expressed, results to the conusor, is unanswered. Postea, p. 807. *Page 802